Matter of Burke (2018 NY Slip Op 04931)





Matter of Burke


2018 NY Slip Op 04931


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018

PRESENT: SMITH, J.P., CARNI, NEMOYER, AND TROUTMAN, JJ. (Filed June 29, 2018.) 


&em;

[*1]MATTER OF B. KEVIN BURKE, JR., A SUSPENDED ATTORNEY, RESPONDENT. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, PETITIONER.



MEMORANDUM AND ORDER Final order of suspension entered. Per Curiam Opinion: Respondent was admitted to the practice of law by this Court on June 21, 2000, and he formerly maintained an office in Buffalo. On May 5, 2017, respondent was convicted, upon his plea of guilty in Supreme Court, Erie County, of attempted repeated failure to file income tax returns in violation of Tax Law § 1808 and Penal Law § 110.00, a class A misdemeanor. Respondent admitted that, from 2013 through 2015, he failed to file state income tax returns with intent to evade payment of income taxes for three consecutive years in which he had an unpaid tax liability. In accepting the plea, Supreme Court noted that respondent had paid all state income taxes due for the years in question. In August 2017, respondent was sentenced in Supreme Court to a one-year conditional discharge, which required him to live a law-abiding life, to participate in counseling until discharge, and to pay a fine in the amount of $3,000. By order entered February 28, 2018, this Court determined that respondent had been convicted of a "serious crime," suspended him from the practice of law on an interim basis, and directed him to show cause why a final order of discipline should not be entered pursuant to Judiciary Law § 90 (4) (Matter of Burke, 159 AD3d 1507 [4th Dept 2018]). Respondent thereafter submitted to this Court written materials in mitigation and, on May 22, 2018, he appeared before the Court and was heard in mitigation.
In determining an appropriate sanction, we have considered certain factors in mitigation, including respondent's statement that the misconduct did not concern or affect his practice of law and that he has hired financial professionals to prepare and file all required tax returns. We have further considered that respondent has an otherwise unblemished disciplinary record after over 20 years in the practice of law and that, when he appeared before this Court, he expressed extreme remorse, which we find to be sincere.
We have also considered certain factors in aggravation, including that the conviction arose from a lengthy course of misconduct that was "in direct contravention of the obligation of all attorneys to comply with the laws, particularly those so fundamental to our form of government as the filing of income tax returns and the payment of the determined tax" (Matter of Yaeger, 120 AD3d 70, 71 [4th Dept 2014]). We have additionally considered that respondent has acknowledged in this proceeding that, in addition to engaging in the misconduct underlying the guilty plea, he failed to file state and federal income tax returns in a timely manner and to pay the related taxes for a lengthy period of time prior to 2016, which resulted in numerous tax liens being filed against him. We note, however, that respondent has since paid all delinquent state income taxes, although certain state penalties and interest due thereon remain outstanding, and that he has paid a substantial portion of the delinquent federal income taxes.
Accordingly, we conclude that respondent should be suspended from the practice of law for a period of three years, effective February 28, 2018. We grant him leave, however, to apply to stay the suspension after a period of one year and upon a showing that he is continuing to employ financial professionals to prepare and file all required tax returns; that he is current in all required tax filings; that he has entered into a payment plan or similar arrangement with state and federal tax authorities to address any unpaid tax obligations; and that he is complying with the terms of those payment arrangements.